**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-6430**

———————

ADARIUS QUANTE DENNIS,

        Petitioner - Appellant,

    v.

WARDEN CARTLEDGE,

        Respondent - Appellee.

———————

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  Timothy M. Cain, District Judge.
(0:14-cv-04637-TMC)

———————

Submitted:  September 20, 2016    Decided:  September 23, 2016

———————

Before KING, WYNN, and THACKER, Circuit Judges.

———————

Remanded by unpublished per curiam opinion.

———————

Adarius Quante Dennis, Appellant Pro Se.  Donald John Zelenka,
Senior Assistant Attorney General, James Anthony Mabry,
Assistant Attorney General, Columbia, South Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adarius Quante Dennis seeks to appeal the district court's order accepting the recommendation of the magistrate judge and denying relief on his 28 U.S.C. § 2254 (2012) petition. We order a limited remand.

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007). The notice of appeal must be filed within 30 days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A). The district court may extend the time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by . . . Rule 4(a) expires," and the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A).

The district court's order was entered on February 2, 2016. Dennis had until March 3, 2016 to timely file his notice of appeal, and the 30-day excusable neglect period ended on April 4, 2016. See Fed. R. App. P. 4(a)(5)(A), 26(a)(1)(C). Dennis' notice of appeal was filed within the 30-day excusable neglect period. He stated reasons for his delay and arguably requested an extension of the period to file the notice of appeal.

Accordingly, we remand the case to the district court for the limited purpose of allowing the court to determine whether

2

an extension is warranted.  The record, as supplemented, will then be returned to this court for further consideration.

REMANDED